UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CAROL L. MCCURDY,

    Petitioner/Cross-Respondent,

v.                                                                                          CASE NO. 3:17-cv-562-J-32JBT

VIRGINIA COLLEGE, LLC,

    Respondent/Cross-Petitioner.
_____/

### REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the following: Petitioner's Motion to Vacate Arbitration Award ("Motion to Vacate") (Doc. 1), her Memorandum in support thereof (Doc. 2), and Respondent's Response thereto (Doc. 4); and Respondent's Petition to Confirm Arbitration Award ("Motion to Confirm") (Doc. 6) and Petitioner's Response thereto (Doc. 19). The Motions were referred to the undersigned for a report and recommendation regarding an appropriate resolution.[2] (Doc. 14.) For the

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

[2] The undersigned recommends that an evidentiary hearing is not necessary because, as set forth herein, Petitioner fails to allege any sufficient basis for vacating the arbitration award. *See O.R. Secs., Inc. v. Prof'l Planning Assocs., Inc.*, 857 F.2d 742, 746 n.3 (11th Cir. 1988) ("Because we find [Plaintiff] failed to allege sufficient bases to [vacate
(continued...)

reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Motion to Vacate be **DENIED**, and that the Motion to Confirm be **GRANTED**.

## I.   Background

Pro se Petitioner, a graduate of Virginia College, LLC ("Respondent"), sought recourse against Respondent through arbitration following numerous disputes that arose while she was a student.[3] Specifically, Petitioner alleged that Respondent did not provide her with an adequate education; that it charged her for services such as housing, meals, and transportation that were not provided; that she was not provided with a work-study position; that teachers improperly changed her grades in some classes; and that when she raised these issues to the president of the college, he had her escorted off campus by security and had her stipend check withheld. (*See* Doc. 19.)

As a result, Petitioner brought claims against Respondent in arbitration for

---

[2](...continued)
an arbitration award], the district court was not required to hold an evidentiary hearing.").

[3] As noted by the arbitrator: "[Petitioner] also sent her complaint to President Barack Obama, Senator Tom Harkin, Great Lakes (a Department of Education loan servicer), the U.S. Department of Education (Federal Direct Stafford Loans Department and Office of Civil Rights), the Accrediting Council for Independent Colleges and Schools (ACICS), the U.S. Attorney's Office in Washington D.C., the U.S. Department of Commerce (Office of Inspector General in Washington D.C. and Atlanta office[s]), Eugene Louis Dodaro (Comptroller General of the United States), the FBI (Jacksonville and Birmingham), the FDAC (Division of Consumer Services), and the Office of Florida Attorney General Pam Bondi. The only response came from Attorney General Pam Bondi's office, which referred Claimant to the Florida Department of Education's Commission for Independent Education [("Commission")], the Florida agency with responsibility to address Claimant's concerns." (Doc. 6-2 at 4.) Following review by the Commission, "the complaint was closed with no action against the school." (*Id.*)

breach of contract, intentional infliction of emotional distress ("IIED"), fraud, and unlawful discrimination. (*See* Doc. 6-2.) Petitioner sought damages exceeding one million dollars. (*See* Doc. 2-3.) The arbitrator found in favor of Respondent on all claims. (*Id.*) Petitioner now seeks to vacate the arbitrator's award, and Respondent seeks to confirm the award. (Docs. 1 & 6.)

## II. Standard

Upon review of the relevant statutory and Eleventh Circuit authority, this Court has stated:

> Judicial review of commercial arbitration awards is narrowly limited under the Federal Arbitration Act [9 U.S.C. §§ 1, *et seq.* ("FAA")].[4] The FAA presumes the confirmation of arbitration awards . . . and federal courts should defer to an arbitrator's decision whenever possible. Previously recognized non-statutory grounds for vacatur—such as, that the arbitration decision was arbitrary and capricious, violated public policy, or evidenced manifest disregard for the law—are no longer viable. Instead, a court's authority to vacate an arbitration is limited to the four circumstances provided in the FAA:
>
> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

---

[4] The parties agree that the FAA applies. (*See* Docs. 2 & 6.)

> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
>
> An arbitrator need not state the reasons for his award. A petitioner does not clear the high hurdle required to vacate an award by show[ing] that the [arbitrator] committed an error—or even a serious error. Rather, arbitration awards are presumed to be correct, and the burden to rebut this presumption is on the party requesting vacatur. Otherwise, the court must confirm the award.

*Franskousky v. Morgan Stanley Smith Barney LLC*, Case No. 3:14-cv-878-J-32JRK, 2014 WL 7224462, at *2–3 (M.D. Fla. Dec. 17, 2014) (Corrigan, J.) (citations and quotations omitted).

### III.   Analysis

Despite Petitioner's use of various conclusory labels such as "Arbitrator misconduct; Arbitrator evidently partial; Arbitrator's manifest disregard of the law of contracts; denial of fundamental fairness of the arbitration process (failed to grant [Petitioner] a fair hearing)," she fails to sufficiently allege any basis to vacate the arbitration award. (*See* Doc. 1 at 1; Docs. 2 & 9.) Rather, Petitioner is largely asking the Court to re-weigh the evidence and reach different conclusions than those reached by the arbitrator. (*See* Docs. 2 & 9.) Therefore, the undersigned recommends that the award be confirmed.

Petitioner's specific arguments fall into three broad categories: manifest disregard of the law; failure to grant a fair hearing; and failure to properly address the merits of her claims. (*See* Docs. 2 & 19.) The undersigned will address each in

turn.

### A. Manifest Disregard of the Law

Petitioner argues that the arbitrator's decision must be vacated because it was in manifest disregard of the law. Specifically, Petitioner argues that the arbitrator ignored the contract between herself and Respondent, and that he failed to apply the correct state law to her breach of contract and IIED claims. (*See* Doc. 2 at 2–4; Doc. 19 at 6–13.)

The Eleventh Circuit "recognize[s] neither an incorrect legal conclusion nor a manifest disregard of the law as grounds for vacating or modifying an [arbitration] award . . . ." *S. Commc'ns Servs., Inc. v. Thomas*, 720 F.3d 1352, 1361 (11th Cir. 2013) (citations and quotations omitted).[5] Thus, the undersigned recommends that Petitioner's argument that a manifest disregard of the law requires vactatur be rejected. Nevertheless, the undersigned will address Petitioner's specific arguments below.

### 1. Failure to Recognize Contract

First, Petitioner argues that her breach of contract claim failed because the arbitrator ignored the "Enrollment and Tuition Agreement" ("Agreement") between

---

[5] Petitioner cites section 10(a)(4) of the FAA only for the proposition that it encompasses manifest disregard of the law. (Doc. 2 at 1; Doc. 19 at 6.) Because the Eleventh Circuit has squarely rejected this argument, the undersigned need not further address this provision, which states that an award may be vacated "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." *See Thomas*, 720 F.3d at 1361.

the parties. (Doc. 6-1.) In support of her argument, Petitioner relies solely on the arbitrator's statement that "Claimant failed to present any evidence of what contract or contractual provision was allegedly breached." (Doc. 6-2 at 5.) However, read in context of the entire award, this statement does not support Petitioner's argument.

The arbitrator noted in the award that the Agreement was offered as an exhibit by Respondent. (*Id.* at 2.) However, he found that Petitioner's breach of contract claim was actually a non-viable educational malpractice claim improperly couched as a breach of contract claim. (*Id.* at 5.) He noted: "Educational malpractice claims are those based on inadequate educational services, even if under the guise of a . . . breach of contract claim . . . ." (*Id.*) The arbitrator recognized Petitioner's argument that "Virginia College's courses and educational offerings failed to meet minimum educational standards and that Virginia College breached the implied contract to educate." (*Id.* at 3; Doc. 2-3 at 4.) Nevertheless, the arbitrator concluded: "In her complaint, Claimant asserted that Virgina College 'failed to meet minimum education standards.' This, however, is not a claim for breach of contract, nor a viable claim under the law . . . ."[6] (*Id.* at 5.) Thus, the undersigned recommends that this argument be rejected.

---

[6] Additionally, the arbitrator's statement that Petitioner failed to present evidence of what contract or contractual provision was breached appears to be consistent with Petitioner's own argument that her breach of contract claim was based on an "*implied* contract to educate." (*Id.* at 3; Doc. 2-3 at 4) (emphasis added).

6

## 2.   Incorrect State Law

Next, Petitioner argues that the arbitrator erroneously applied Florida law to her breach of contract and IIED claims, rather than Alabama law as required by the Agreement.[7] However, even assuming Alabama law should have been applied, any error is harmless because the result would be the same.

Regarding Petitioner's educational malpractice claim, couched as a breach of contract claim, any error in applying Florida law rather than Alabama law is harmless because Alabama, like Florida, does not recognize such a claim. *See Christensen v. S. Normal Sch.*, 790 So. 2d 252, 254–55 (Ala. 2001) ("Alabama does not recognize a cause of action for educational malpractice," and "to allow a negligence, breach-of-contract, or fraud claim alleging a poor educational experience or insufficient academic achievement would violate the public policy against putting courts in the business of second-guessing the academic performance of an educational institution.").

Regarding Petitioner's IIED claim, the arbitrator analyzed the claim under both Alabama and Florida law, and found it deficient under both. (Doc. 6-2 at 3, 6.) Thus, any error in applying Florida law is harmless.

---

[7] The Agreement states in relevant part: "This Contract and the rights and obligations of the parties pursuant to this Contract shall in all cases be governed by . . . the internal laws of the State of Alabama." (Doc. 6-1 at 4.) Respondent does not dispute that Alabama law should have been applied. (Doc. 4 at 12–14.) The Agreement also states that arbitration "shall take place in Birmingham, Alabama." (*Id.* at 3.) However, arbitration took place in Jacksonville, Florida, and neither party explains why. (Doc. 6-2 at 1.) The arbitrator generally applied Florida law. (*See* Doc. 6-2.)

As the Eleventh Circuit has stated:

> In Alabama, [i]t is settled that the law . . . does not permit recovery for . . . mental anguish and suffering in an action for breach of a contract . . . .
>
> [Certain] cases represent an exception to the general rule prohibiting mental anguish damages for breach of contract.  These cases deserve special treatment because it is highly foreseeable that egregious breaches of certain contracts—involving one's home or deceased loved one, for example—will result in significant emotional distress.

*Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1359–60 (11th Cir. 2000) (applying Alabama law); *see also Bowers v. Wal-Mart Stores, Inc.*, 827 So. 2d 63, 70 (Ala. 2001) ("Except for the identified types of emotionally intertwined cases to which the Eleventh Circuit refers, we have declined to extend emotional-distress damages to contract claims.").

The arbitrator quoted from *Ruiz de Molina* and *Bowers*, addressed Petitioner's testimony and argument regarding her IIED claim, and found: "The instant case is not an emotionally intertwined case.  Emotional distress damages to this contract claim are not allowed." (Doc. 6-2 at 3.)  The fact that he also found that Petitioner's IIED claim failed under Florida law does not alter this conclusion.  (*Id.* at 6.)  Thus, the undersigned recommends that this argument be rejected.

      **B.**    **Failure to Grant a Fair Hearing**

Without citing any specific provisions of the FAA, Petitioner argues that vacatur of the arbitration award is required because she did not receive a fair

hearing for several reasons. Specifically, Petitioner argues that she was unable to effectively cross-examine a witness for Respondent who testified via video deposition. (Doc. 19 at 15–16.) Petitioner objected to the deposition because she could not attend in-person, and she was unable to effectively cross-examine the witness over the telephone because of static on the line. (*Id.*) She also asserts that the arbitrator ruled against her on various discovery issues, without holding a joint conference, when Respondents objected to and/or refused to answer most of her discovery requests. (*Id.* at 16.) Additionally, Petitioner argues that she was prejudiced because she had never met the only live witness Respondent presented at the hearing. (*Id.*) For the same reasons, she also argues in conclusory terms that the arbitrator was overly favorable to Respondent. (*See id.* at 16, 18.)

"[C]ourts have emphasized that [section 10(a)(3) of the FAA] does not warrant vacatur where an arbitrator merely made an erroneous discovery or evidentiary ruling; rather, a plaintiff must show that the arbitrator's handling of these matters was in bad faith or so gross as to amount to affirmative misconduct, effectively depriving the plaintiff of a fundamentally fair proceeding." *Pochat v. Lynch*, Case No. 12-22397-CIV, 2013 WL 4496548, at *10 (S.D. Fla. Aug. 22, 2013) (collecting cases).[8] Petitioner's complaints about the handling of certain discovery and evidentiary

---

[8] Section 10(a)(3) allows vacatur "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced."

matters during arbitration do not indicate any bad faith or affirmative misconduct by the arbitrator that would have deprived her of a fundamentally fair proceeding.

Additionally, Petitioner's conclusory assertion that the arbitrator was overly favorable, i.e., evidently partial, to Respondent is insufficient.[9] "There are two ways to show evident partiality: (1) an actual conflict, or (2) knowing nondisclosure of a potential conflict." *Mendel v. Morgan Keegan & Co., Inc.*, 654 F. App'x 1001, 1004 (11th Cir. 2016).[10] "[T]he alleged partiality must be direct, definite and capable of demonstration rather than remote, uncertain and speculative. Accordingly, the mere appearance of bias or partiality is not enough to set aside an arbitration award." *Lifecare Intern., Inc. v. CD Medical, Inc.*, 68 F.3d 429, 433 (11th Cir. 1995) (citations and quotations omitted).

Petitioner fails to identify any actual or potential conflict of the arbitrator. Rather, Petitioner's conclusory assertions that the arbitrator was biased or partial towards Respondent are based only on the fact that the arbitrator ruled in Respondent's favor on several occasions. (*See* Doc. 19 at 16–18.) Thus, Petitioner has failed to allege evident partiality by the arbitrator. Therefore, the undersigned recommends that this argument be rejected.

---

[9] Section 10(a)(2) of the FAA allows vacatur "where there was evident partiality or corruption in the arbitrators, or either of them."

[10] Although unpublished Eleventh Circuit opinions are not binding precedent, they may be persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits a court to cite to unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

### C. Merits of Claims

Petitioner makes several additional arguments, including but not limited to: the arbitrator "gave no weight to Petitioner's uncontroverted testimony"; he "failed to adequately examine the financial irregularities"; and he "completely ignored the monetary elements of Petitioner's claim." (Doc. 19 at 16, 18.) All of Petitioner's additional arguments scattered throughout her filings pertain to the merits of her claims. (*See* Docs. 2 & 19.) In short, Petitioner asks this Court to re-weigh the evidence, which she discusses at length in her filings, and reach different conclusions than those reached by the arbitrator. (*See id.*) As set forth above, that is not this Court's function. See *Franskousky*, 2014 WL 7224462, at *2–3. Therefore, the undersigned recommends that the Court reject the remainder of Petitioner's arguments.

### D. Confirmation of Award

"Section 9 of the FAA provides that, upon application of any party to the arbitration, the court *must* confirm the arbitrator's award unless it is vacated, modified, or corrected in accordance with sections 10 and 11 of the statute." *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010). Because the undersigned recommends that the arbitrator's award should not be vacated, the undersigned further recommends that the award should be confirmed.

### IV. Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion to Vacate (**Doc. 1**) be **DENIED**.

2. The Motion to Confirm (**Doc. 6**) be **GRANTED**.[11]

3. The May 4, 2017 Award of Arbitrator in favor of Virginia College, LLC and against Carol L. McCurdy be **CONFIRMED**, and the Clerk of Court be directed to enter judgment accordingly.

4. The Clerk of Court also be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on March 7, 2018.

*[signature]*
JOEL B. TOOMEY
United States Magistrate Judge

---

[11] Although Respondent requests attorneys' fees and costs in the Motion to Confirm, the issue was not briefed in Respondent's filings. (*See* Docs. 4 & 6.) However, the Court retains jurisdiction to entertain a motion for attorneys' fees and costs after the rendition of judgment. *See Capital Asset Research Corp. v. Finnegan*, 216 F.3d 1268, 1272 (11th Cir. 2000); Fed. R. Civ. P. 54; M.D. Fla. R. 4.18. Therefore, the undersigned recommends that Respondent must file a proper post-judgment motion if it seeks attorneys' fees and costs.

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record

Pro Se Petitioner